## GOLDBERG *v.* GOLDBERG.

[No. 10,223.   Filed February 5, 1920.]

DIVORCE.—*Limited Divorce.—Alimony.—Gross Sum.—Monthly Installments.—Power of Court.*—In granting a divorce for five years and a gross sum of $3,000 alimony, the court had power, under §1092 Burns 1914, Acts 1903 p. 114, §2, to include in the decree an order that the alimony should be payable in monthly installments of fifty dollars each.

From Marion Superior Court (105,000); *W. W. Thornton*, Judge.

Action by Annie Goldberg against Louis Goldberg. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Walter L. Carey* and *William S. Canfield*, for appellant.

*Willson & Willson*, for appellee.

ENLOE, J.—This was an action by appellee against the appellant for limited divorce. The complaint, which was in one paragraph, alleged cruel treatment and adultery by the appellant. It was answered by general denial, and a trial upon the issues thus formed resulted in a finding for appellee; that the material averments of her complaint were true, and she was accordingly granted a decree of limited divorce for five years.

This decree, as finally pronounced by the court, so far as the same is in question in this suit, was as follows: "And it is now ordered and decreed that the amount of said alimony shall be Three Thousand Dollars,  *  *  *  and that the same shall be payable in monthly installments of Fifty Dollars each,

on the 15th of each calendar month, to the clerk of this court.''

The appellant duly filed his motion to modify this decree by striking out that part thereof which ordered the appellant to pay said monthly instalments. This motion was overruled, and this ruling is the only question presented for our determination.

It is the contention of appellant that the court, upon granting a limited divorce, has no power to grant alimony to the wife; and (2), if the court does have such power, then the judgment can only be for a sum in gross, and that therefore the order of the court directing the payment in monthly instalments was beyond the power of the court, and therefore erroneous.

Our statute, §1092 Burns 1914, Acts 1903 p. 114, provides: ''Upon decreeing a temporary separation, the court may grant alimony and make such further decrees, as it shall deem just and expedient, concerning the estate, and maintenance of the parties, or either of them * * *.''

The wife, as such, so long as she remains ''without fault,'' is entitled to be supported and maintained by her husband in a manner suited to her condition and station in life. If the husband, by his conduct, creates a situation where it is intolerable for the wife to longer live with him as such, and she, because of such condition, leaves his bed and board, she is still entitled to be supported by him. She does not sacrifice her right to such support by her refusal to sacrifice her womanhood by continuing to live with him after he has been guilty of such misconduct. Prior to 1903, when the above quoted section of our statute was enacted, although such wife was still entitled to her support and maintenance, yet the trades-

man who furnished her such merchandise as she needed, in case of a refusal by the husband to pay therefor, might be called upon to assume the burden of proving that such wife was so living apart from her husband "without fault on her part." This burden the tradesman usually and wisely refused to assume. The result was that such wife was usually left to the charity of friends, if any she had. It was to remedy this situation that the statute in question was enacted.

The appellant contends that under the provisions of the statute in question, the court could only render a personal judgment *for a sum in gross,* which then stood as any other personal judgment.

With this contention we cannot agree. The object of the statute was to assure to the wife that to which, as such wife, she was entitled. To say that the court could only render a personal judgment, to be collected as other judgments are collected, would, in cases where the husband had no property subject to execution, allow him to entirely escape the furnishing of such support. Such a construction would nullify the very purpose of the statute.

The decree as entered was within the power of the court. We find no error in this record, and the judgment is therefore affirmed.